**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRIAN GLEN BREWER,

Petitioner - Appellee,

v.

A. HEDGPETH, Warden,

Respondent - Appellant.

No. 10-55793

D.C. No. 2:08-cv-02027-PSG-RNB

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and submitted November 7, 2011
Pasadena, California

Before:     SCHROEDER and LEAVY, Circuit Judges, and GILLMOR, Senior
            District Judge.**

    A. Hedgpeth, Warden, appeals the district court's grant of California state

prisoner Brian Glen Brewer's petition for a writ of habeas corpus pursuant to 28

U.S.C § 2254.  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.  We

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    The Honorable Helen W. Gillmor, United States District Judge for the
District of Hawaii, sitting by designation.

review de novo, *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004), and we reverse.

Brewer claims he was deprived of his Sixth Amendment right to effective assistance of counsel because his defense counsel failed to investigate two additional alibi witnesses. The issue before us is whether the state court's decision rejecting this claim was objectively unreasonable. Applying "the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the [28 U.S.C.] § 2254(d)(1) standard," *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009), we hold that the state court's decision was not contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984).

A.    Background

In 2004, Brewer was charged by the State of California with robbery and false imprisonment in connection with a 2002 robbery of a credit union. During the jury trial in California Superior Court, several credit union employees identified Brewer as the robber and testified that he carried a gun. Photographs and video surveillance tapes were shown to the jury. Brewer's defense included alibi testimony from his longtime friend, Adam Jones, who told the jury that he and Brewer were in Phoenix, Arizona, during the time of the robbery. Brewer was convicted of robbery by violence and false imprisonment by violence. He appealed his conviction, the California Court of Appeal affirmed, and his petition

to the California Supreme Court was denied. He then filed a habeas petition in the California Court of Appeal, contending, *inter alia*, that his trial counsel had been ineffective for failing to investigate two additional alibi witnesses in Phoenix, Lee Cole and a woman named "Maggie." The California Court of Appeal denied the petition, holding that Brewer had "failed to meet his burden of showing that but for counsel's alleged errors, the outcome of the trial would have been different." The California Supreme Court denied Brewer's petition for review. Brewer then filed a federal habeas petition. At a status conference in 2008, Brewer's counsel stated he had recently located one witness, Lee Cole, but not "the other woman." By 2009 (seven years after the robbery and five years after the trial), both witnesses had been located. The district court held an evidentiary hearing on Brewer's ineffective assistance of counsel claim. Lee Cole and Maggie Thiesen testified as to what they would have said at Brewer's trial. The district court granted the petition in part. The state appealed.

B.     Analysis

1.     AEDPA Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may grant habeas relief on a claim "adjudicated on the merits" by a state court only if the state court decision "was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

A state court decides an issue "on the merits" when it resolves that issue "based on the substance of the claim advanced, rather than on a procedural, or other, ground." *Lambert*, 393 F.3d at 969 (citation omitted). When a federal claim has been presented to a state court, there is a presumption the state court adjudicated the claim on the merits, in the absence of an indication to the contrary. *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). The district court erred in concluding the AEDPA standard of review does not apply. *See id.*

The California courts' decisions in this case were on the merits. The California Court of Appeals stated:

> With respect to his claim of ineffective assistance of trial counsel, petitioner has failed to meet his burden of showing that but for counsel's alleged errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 693-94 (1984); *People v. Fosselman*, 33 Cal.3d 572, 584 (1983).

We reject Brewer's contention that he has presented a claim where "new evidence supporting a claim adjudicated on the merits gives rise to an altogether different claim." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1417 (2011) (Sotomayor, J., dissenting). In his petition to the California Court of Appeal, Brewer alleged that counsel "failed to investigate or to ask Mr. Jones whether there were other witnesses that could corroborate his testimony and failed to call any other

witnesses besides Mr. Jones at trial to substantiate petitioner's alibi," citing Jones's declaration, in which Jones surmised what two potential alibi witnesses might have said had they been called to testify. Brewer's petition to the California Supreme Court raised the identical allegations. The California courts reviewed the substantive details of Brewer's ineffective assistance claim as presented, and denied it on the merits. Brewer presented the same ineffective assistance claim, not a different claim, in his federal habeas proceeding. Accordingly, the AEDPA's deferential standard of review applies. *Harrington*, 131 S. Ct. at 785-86; *Lambert* 393 F.3d at 969. The AEDPA standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Pinholster*, 131 S. Ct. at 1398 (internal quotation marks omitted).

2.      Ineffective Assistance under *Strickland*

The parties contend, and we agree, that the clearly established federal law applicable here is *Strickland*. Under the *Strickland* test, Brewer must establish: (1) "that counsel's representation fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694. "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 131 S. Ct. at 785;

*Knowles*, 129 S. Ct. at 1420 ("the doubly deferential judicial review" applies to a *Strickland* claim evaluated under 28 U.S.C. § 2254(d)(1)).

a.    Deficient Performance

Under *Strickland*'s first prong, Brewer must establish that counsel's performance was "deficient." *Knowles*, 129 S. Ct. at 1419. Courts apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 688. Brewer asserts that he established counsel's performance was constitutionally deficient for failure to investigate two additional alibi witnesses.

Our review is confined to the record before the state courts. *Pinholster*, 131 S. Ct. at 1398; *Stokley v. Ryan*, 659 F.3d 802, 807-808 (9th Cir. 2011). The district court erred in considering additional evidence in its review under § 2254(d)(1). *See Pinholster*, 131 S. Ct. at 1400 ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before the state court.").

In his state court habeas proceeding, Brewer submitted only the declaration of his alibi witness at trial, Adam Jones, who made the following statements about the two additional witnesses:

> 9) The first witness that could have corroborated Petitioner's alibi aside from myself at trial was Lee Cole. Lee lives in Phoenix, Arizona. He is a friend of Petitioner & in whose home we stayed at

while we were in Phoenix, Arizona from April 15, 2002 to April 18, 2002.

10) The second witness that could have corroborated Petitioner's alibi aside from myself at trial was a woman named Maggie. I do not know Maggie's last name but I do know that Lee Cole personally knows Maggie and has her first and last name and also how to contact her. Maggie also lives in Phoenix, Arizona and is the woman that Petitioner met up with and spent the night with on April 16, 2002, like I testified to at trial.

At the time Jones presented his declaration in the state court habeas proceeding, the two alibi witnesses had yet to be located, no last name of "Maggie" was included, and no declarations from these witnesses were submitted. Accordingly, the California court could reasonably reject Brewer's ineffective assistance claim, and Brewer therefore has failed to establish "there was no reasonable basis" for the state court's decision. *See Pinholster*, 131 S. Ct. at 1402-03; *id.* at n. 12, *citing People v. Duvall*, 9 Cal. 4th 464, 474 (1995) (under California law, the court generally assumes the allegations in the petition to be true, but does not accept wholly conclusory allegations).

Assuming, as the district court did, that our review was not limited to the record before the state courts, and includes the district court testimony of the two additional alibi witnesses, the evidence remains insufficient to establish deficient performance because the two witnesses provide inconsistent testimony. The witnesses contradict each other, as well as the testimony of Adam Jones, Brewer's trial witnesses. Adam Jones testified at trial that Brewer spent one night, April 16,

2002, with a woman named Maggie. Lee Cole testified in the district court's evidentiary hearing that Brewer spent one night with Maggie. Maggie Thiesen testified in the district court's evidentiary hearing that she spent two nights with Brewer. Maggie Thiesen also admitted she was not positive of the date she met Brewer. Cole, described by Adam Jones in his declaration as a "friend" of Brewer, testified he met Brewer only once, and, "I can't say that I really know him at all." Had trial counsel presented these witnesses, their testimony could very well have undermined rather than assisted Brewer's defense.

### b. Prejudice under *Strickland*

The district court also erroneously concluded that counsel's alleged deficiencies were prejudicial under the second prong of the *Strickland* test. In assessing prejudice, the question is not whether it is possible a reasonable doubt might have been established if counsel acted differently, but whether it is reasonably likely the result would be different. *Harrington*, 131 S. Ct. at 791-92. "The likelihood of a different result must be substantial, not just conceivable." *Id*. at 792.

Here, two credit union employees positively identified Brewer as the man who committed the robbery. The security video and associated still photographs showed a robber who looked very much like Brewer. Brewer's one alibi witness

testified that Brewer was in Phoenix at the time of the robbery. It was not an unreasonable application of *Strickland* for the California courts to conclude that there was no reasonable likelihood the jury would reach a different outcome. *See id.*

In summary, the California state courts' adjudication of Brewer's ineffective assistance claim was not "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court," under § 2254(d)(1). We further observe that nothing in the record suggests the performance of Brewer's counsel, Los Angeles County Deputy Public Defenders Justine Esack and Karen Richardson, was in any way constitutionally deficient.

Accordingly, we reverse the judgment of the district court and remand with instructions to deny Brewer's petition for a writ of habeas corpus.

Brewer's motion to strike portions of the reply brief is denied as moot.

**REVERSED and REMANDED.**